UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

In re:   Kathleen Ann Osinski               Case No.:
                                            Chapter:   13

CHAPTER 13 PLAN

NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER, WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE SECTION 1324, AND LOCAL RULES, ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN.

The Debtor(s) above named hereby proposes the following plan:

1. Debts: The following expresses the contents of this Plan. Only creditors holding claims duly proved and allowed shall be entitled to payments from the Trustee. (See Notice of Filing of Bar Date). Trustee shall not file a claim on behalf of any creditor.

2. Payments: As of the date of this plan, the debtor has paid    -    to the Trustee. Debtor or any entity from whom the debtor receives income shall pay to the Trustee the sum of **as below** per month, commencing immediately, for    60 months for a total of    **$ 234,106.18** or until such amounts are paid that will afford payment of all allowed and proven claims in the amounts payable under this Plan.

| Period Months | Payment | Total Payments |
|---|---|---|
| 1-60 | $ 3,901.77 | 46,821.24 |

3. Plan Payments. The Trustee, from available funds, shall make payments to creditors in the following amounts and order. All dates for beginning of payments are estimates only and may be adjusted by the Trustee as necessary to carry out the terms of this plan.

| A. DEBTOR'S ATTORNEY | REQUESTED FEES | BALANCE DUE | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| Joseph B. Cioe, Jr. | 2,400.00 | 2,400.00 | 40.00 | 60 | 60 | 2,400.00 |

B. Arrears. (Regular monthly payments to be made by Debtor and to start on the first due date after filing petition.)

| CREDITOR | RATE | ARREARS | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| Seterus | 0.00% | 64,800.00 | 1,080.00 | 60 | 60 | 64,800.00 |
|  | 0.00% | - | - | 60 | 60 | - |
|  | 0.00% | - | - | 60 | 60 | - |
|  |  |  | 1,080.00 |  |  | 64,800.00 |

C. Secured Claims inside the Plan.
A creditor's secured claim shall be the net amount due as of the date of filing or the value of the collateral to which creditor's lien attaches, whichever is less. Interest shall be allowed a contract rate of         **8.00%** or APR whichever is less.
Creditor shall retain its lien until the allowed secured portion of the claim is fully paid.

| CREDITOR & COLLATERAL | RATE | CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| Mortgages |  |  |  |  |  |  |
| Seterus | K% | 254,886.85 | 1,781.82 | 60 | 60 | 106,909.20 |
|  |  |  | - | 60 | 60 | - |
|  |  |  | 1,781.82 |  |  | 106,909.20 |
| Personalty Security Agreements |  |  |  |  |  |  |
| Chrysler Capital | K% | 37,242.00 | 781.49 | 60 | 60 | 46,889.40 |
|  | K% | - | - | 60 | 60 | - |
|  |  |  | 781.49 |  |  | 46,889.40 |

|  | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|
| **Total Payments to Secured Creditors** | 2,563.31 | 60 | 60 | 153,798.60 |

D. COLLATERAL SURRENDER. The following claims (and associated collateral) will be surrendered. This collateral surrender transaction shall result in full settlement and satisfaction of the note.

CREDITOR & COLLATERAL
none

E. Priority Claims. (Unsecured claims entitled to priority under 11 USC section 507 shall be paid as follows:

| CREDITOR | PRIORITY CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  | - | * | 60 | 60 | - |
|  |  |  | 60 | 60 | - |

* to be treated as an unsecured creditor, and shall be paid a dvidend, as pursuant to G of this plan.

| **Payments to Priority Creditors** | - | - | 60 | 60 | - |
|---|---|---|---|---|---|

F. Separate Class of Unsecured Claims. (May include co-signed debts as provided for by 11 USC section 1301, including interest at contract rate.

| CREDITOR & CLASSIFICATION | RATE | CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None |  |  |  |  |  |  |

G. Unsecured Creditors. All other creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remianing after payment of above scheduled claims. Debtor estimates the unsecured claims to total, and proposes to provide as follows:

| PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|
| 180.00 | 60 | 60 | 10,800.00 |
| - | 60 | 60 | - |

**Total Payments to Unsecured Creditors**                                                                                       10,800.00

H. Lien Avoidance. (Debtor intends to file a motion, pursuant to Bankruptcy Rule 4003(d) to avoid all nonpossessory, nonpurchase money security interests and judical liens as provided by 11 USC section 522(f), and the plan herein provides for payment of such liens as general unsecured claims only. Any creditors' claim or portion thereof not listed in paragraph C above is to be treated as unsecured and, unless objected to, such unsecured status, for purposes of this plan, will be binding upon confirmation, but the lien shall survive unless avoided.

I. Leases and Contracts. The Debtor hereby assumes the following unexpired leases and executory contracts, and rejects all others.

| NAME OF LESSOR-DESCRIPTION | CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | ------- PAYMENT SCHEDULE ------ | | | |
| n/a | - | - | 60 | 60 | - |

**Total Payments concerning Assumed Leases**          -                                    -

J. Miscellaneous Provisions.
None

4. Future income. Debtor(s) submits all future earnings or other future income to such supervision and control of the Trustee asa is necessary for the execution of this plan.

5. Tax refunds. Debtor shall retain the first Five Hundred ($750.00) Dollars of any and all tax refunds provided during any and all years associated with the plan. Any and all other refund monies greater than said first Five Hundred ($750.00) Dollars shall be immediately turnover to the Trustee upon Debtor's receipt of same. Debtor acknowledges that any turned over refund monies shall decrease the plan's pay-off balance, but shall not be deemed a substitute for any then current or future plan payment.

6. Standing Trustee Percentage Fee. Pursuant to 28 USC section 586(e)(B), the Attorney General, after consultation with the United States Trustee, set a percentage fee not to exceed percent of payments made to creditors by the Trustee under terms of this plan.

| TRUSTEE % | TOTAL FEES | MONTHLY PAYMENT |
|---|---|---|
| 4.00% | 2,307.58 | 38.46 |

May 1, 2014
Date

_Kathleen Ann Crush_ (signature)
Debtor